The STATE of Ohio, Appellee,

v.

SOMMER, Appellant.

[Cite as *State v. Sommer,* 154 Ohio App.3d 421, 2003-Ohio-5022.]

Court of Appeals of Ohio,
Fifth District, Ashland County.

No. 02COA046.

Decided Sept. 19, 2003.

Robert P. Desanto, for appellee.

Lori A. McGinnis, for appellant.

---

EDWARDS, Judge.

{¶ 1} Defendant-appellant Timothy Sommer appeals from his conviction and sentence in the Ashland County Court of Common Pleas. The plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} On July 22, 2002, appellant entered pleas of no contest to the following offenses: Count I, one count of making false alarms, in violation of R.C. 2917.32(A)(3)(F4); Count II, one count of theft in office, in violation of R.C. 2921.41(A)(2)(F4); and Count III, one count of theft in office, in violation of R.C. 2921.41(A)(1)(F5). In addition, appellant entered pleas of guilty to the following offenses: Count IV, one count of theft in office, in violation of R.C. 2921.41(A)(2)(F4); Count V, one count of theft in office, in violation of R.C. 2921.41(A)(2)(F4); and Count VI, one count of forgery, in violation of R.C. 2913.31(A)(1)(F5).

{¶ 3} Count I arose when appellant, who was the Police Chief of the Perrysville Police Department, accidentally shot through his cruiser windshield. In an attempt to cover up the incident, appellant faked a traffic stop and claimed an escaped party shot the windshield. Appellant shot himself to further support his story. The false report resulted in an emergency reaction by local law enforcement. As a result, a sheriff's officer wrecked a cruiser on the way to the scene.

{¶ 4} Counts II and VI arose when appellant forged employee payroll checks and kept a portion of the money for himself, thereby underpaying the officers. Count III arose from the sale of a confiscated firearm to a private individual for $10. Counts IV and V arose when appellant took money donated to the village of Perrysville for bulletproof vests and fines that had been paid in cash, respectively.

{¶ 5} The trial court found appellant guilty on all counts. The following sentence was imposed on appellant: on Count I, 12 months of incarceration and a fine of $1,000; on Count II, 12 months of incarceration and a fine of $1,000; on Count III, six months of incarceration and a fine of $1,000; on Count IV, 12 months of incarceration and a fine of $1,000; on Count V, 12 months of incarceration and a fine of $1,000; and on Count VI, six months of incarceration and a fine of $1,000. It was further ordered that the sentences of incarceration on all counts be served consecutively, for an aggregate sentence of five years in prison. In addition, appellant was ordered to make restitution in the amount of $15,195.

{¶ 6} It is from these convictions that appellant appeals, raising the following assignments of error:

{¶ 7} "I. The trial court erred in ordering restitution in an amount not established to a reasonable degree of certainty.

{¶ 8} "II. The trial court erred in ordering sentences on all six counts of the indictment to be served consecutively.

{¶ 9} "III. The trial court erred in ordering prison terms for fourth and fifth degree nondrug felony offenses and not specifying at sentencing that it found one or more of the factors justifying imposition of a prison term specified in ORC 2929.13(B)(1)(a) through (i).

{¶ 10} "IV. Trial counsel was ineffective for failing to file a motion for discovery or failing to investigate the amounts relevant to the charged defenses to the prejudice of defendant-appellant."

I

{¶ 11} In the first assignment of error, appellant contends that the trial court erred in ordering restitution in an amount that was not established to a reasonable degree of certainty. We agree, in part.

{¶ 12} A trial court is authorized to order restitution by an offender to a victim in an amount based upon the victim's economic loss. R.C. 2929.18(A)(1). The trial court is to determine the amount of restitution at the sentencing hearing. Id. The amount of the restitution must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty. *State v. Gears* (1999), 135 Ohio App.3d 297,

733 N.E.2d 683. A trial court abuses its discretion in ordering restitution in an amount that was not determined to bear a reasonable relationship to the actual loss suffered. *State v. Williams* (1986), 34 Ohio App.3d 33, 516 N.E.2d 1270.

{¶ 13} In the case sub judice, the trial court ordered the following restitution:

{¶ 14} "1. $5,000 to the sheriff's department, and/or its insurer for the wrecked cruiser;

{¶ 15} "2. $4,600 to the Village of Perrysville, for the employee's payroll checks;

{¶ 16} "3. $1,245 to the Village of Perrysville, for the cash bank receipts;

{¶ 17} "4. $1,550 to the Village of Perrysville for the VFW donation;

{¶ 18} "5. $1,000 to the Village of Perrysville for miscellaneous expenses, including damage to the Chief's cruiser, overtime to the Perrysville officers and counsel fees; and

{¶ 19} "6. $1,800 to the Sheriff's Department for reimbursement of overtime expenses."

{¶ 20} The record contains a presentence investigation report that contains summaries of victim-impact statements. The summaries identify and itemize monetary losses and property damage caused by appellant's conduct to the sheriff's department's wrecked cruiser ($5,000) and the village of Perrysville for employees' payroll checks ($4,600), cash bank receipts ($1,245), VFW donation ($1,550), and miscellaneous expenses. A court may consider a presentence investigation report when ordering restitution. *State v. Brumback* (1996), 109 Ohio App.3d 65, 83, 671 N.E.2d 1064; see, also, *State v. Williams* (1986), 34 Ohio App.3d 33, 34, 516 N.E.2d 1270. We find that the presentence investigation report is sufficient to meet the requirements of R.C. 2929.18(A)(1) as to the items listed. See *State v. Enyart* (Apr. 16, 2001), Fairfield App. No. 00–CA–28, 2001 WL 427379, citing *State v. Riggs* (June 13, 1991), Meigs App. No. 454, 1991 WL 110224.

{¶ 21} However, the presentence investigation report does not contain any information concerning the cost to the sheriff's department for overtime expenses. The only reference this court has found in the record concerning this loss was a statement by the prosecutor at the change-of-plea hearing. While making a statement to the trial court detailing the basis of the charges against appellant, the prosecutor stated that "we calculated . . . in overtime payment just for Ashland County Sheriff's Department was $1,745.36." (Ellipsis sic.) We find that the prosecution's statement is insufficient to establish restitution to a reasonable degree of certainty. Therefore, we find the trial court abused its discretion in ordering appellant to pay restitution in the amount of $1,800 for overtime payments to the sheriff's department.

{¶ 22} Appellant's first assignment of error is overruled in part and sustained in part. The order of restitution to the sheriff's department in the amount of $1,800 for overtime payments is vacated and the matter is remanded for an evidentiary hearing on restitution to the sheriff's department for overtime payments.

## II

{¶ 23} In the second assignment of error, appellant argues that the trial court erred when it sentenced appellant to consecutive sentences. We disagree.

{¶ 24} R.C. 2929.14(E)(4) states as follows:

{¶ 25} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: * * *

{¶ 26} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

{¶ 27} R.C. 2929.19(B)(2)(c) further requires that a trial court state its reasons for imposing consecutive sentences. Appellant acknowledges that the trial court made the requisite findings that consecutive prison terms are necessary to protect the public, punish the offender, and are not disproportionate to the harm caused, and that the harm caused to the sheriff's department was so great or unusual that a single prison term would not adequately reflect the seriousness of the conduct and the harm caused. However, appellant contends that those findings are not supported by the facts.

{¶ 28} An appellate court may increase, reduce, or otherwise modify a sentence or remand the matter to the sentencing court for resentencing if it clearly and convincingly finds that the record does not support the sentencing court's findings under division (E)(4) of R.C. 2929.14. Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.

{¶ 29} In the case sub judice, we find that a review of the trial court's reasons for imposing consecutive sentences illustrates that the consecutive sentences were supported by the record. The trial court noted the following:

{¶ 30} "The following additional factors are relevant to sentencing in this particular situation: The false alarm did involve an elaborate scheme by the defendant to attempt to cover up his accidental weapon's discharge.

{¶ 31} "The defendant's acting was extremely convincing, as if he had been both seriously wounded and traumatized by being shot.

{¶ 32} "The defendant's false alarm coming on the heels of other officers' shootings in this county display[ed] a callous disregard for the sanctity deserving of all police officers.

{¶ 33} "The defendant placed all other law enforcement officers who responded to this call in danger to save his own job. Indeed, one sheriff's cruiser was wrecked en route and many others placed themselves in peril.

{¶ 34} "The financial malfeasance counts, two through six, indicate an ongoing pattern of theft which had developed over a significant period of time prior to these events and do evidence a cold and calculated scheme over that period of time by the defendant. Also the financial malfeasance indicates a total lack of appreciation of the honor and integrity that come with the uniform and the badge. A public trust has indeed been violated, and it may take a very long time before it is fully restored.

{¶ 35} "The conduct of the defendant herein has had an impact not only upon the village of Perrysville or the county of Ashland but these acts have tarnished the reputation of good and decent law enforcement officers everywhere."

{¶ 36} In the case sub judice, appellant, the chief of police, engaged in an ongoing course of criminal conduct that culminated in the falsification of an emergency situation, namely, the faking of the shooting of an officer. This resulted in a response by all law enforcement to the perceived emergency. The danger involved in such a response is highlighted by the fact that a deputy sheriff was injured in responding. Such a situation is not typical or routine. Given the unusual circumstances, nature of the case and position of appellant, we find that the consecutive sentences were supported by the record.

{¶ 37} Appellant's second assignment of error is overruled.

### III

{¶ 38} In the third assignment of error, appellant argues that the trial court erred when it ordered prison terms for fourth- and fifth-degree nondrug felonies and did not find one or more of the factors found in R.C. 2929.13(B)(1)(a) through (i) that would justify imposition of a prison sentence. We disagree.

{¶ 39} R.C. 2929.13(B)(1)(a) through (i) provide factors which are to be considered to determine whether incarceration is an appropriate sentence for a felony four or five nondrug offender. R.C. 2929.13(B) provides as follows:

{¶ 40} "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:  * * *

{¶ 41} "(d) *The offender held a public office or position of trust and the offense related to that office or position;  the offender's position obliged the offender to prevent the offense or to bring those committing it to justice;  or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.*  * * *

{¶ 42} "(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.

{¶ 43} "(b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender."  (Emphasis added.)

{¶ 44} In considering the R.C. 2929.12(B) factors concerning the seriousness of appellant's conduct, the trial court found in the September 5, 2002 judgment entry imposing sentence that appellant held a position of public trust and that the offense was related to that office or position.  Although technically found in another context, this finding correlates to R.C. 2929.13(B)(1)(d).  Thus, we find that the trial court made a finding as described in R.C. 2929.13(B)(1)(d).

{¶ 45} Appellant's third assignment of error is overruled.

IV

{¶ 46} In the fourth and final assignment of error, appellant contends that his trial counsel was ineffective because counsel failed to file a motion for discovery or otherwise investigate the dollar figures relevant to the charged offenses.  Appellant reiterates his argument that the record is completely lacking evidence to establish the amounts necessary to determine restitution.  Appellant contends that his counsel's failure to seek discovery or investigate those figures left appellant unable to refute the figures at sentencing or on appeal.

{¶ 47} A claim for ineffective assistance of counsel requires a two-pronged analysis. The first prong is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

{¶ 48} This court's review is limited to the record before it. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 377 N.E.2d 500. We find that we must overrule appellant's assignment of error because it is based on facts that are outside the record before this court. See *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 228, 448 N.E.2d 452. In the case sub judice, whether and to what extent trial counsel investigated the amount of restitution owed by appellant is outside the record. Further, we cannot determine from this record whether the restitution figures are accurate or not. If the figures are accurate, appellant has not been prejudiced.

{¶ 49} Accordingly, appellant's fourth assignment of error is overruled.

{¶ 50} The judgment of the Ashland County Court of Common Pleas is affirmed in part and reversed in part.

Judgment affirmed in part
and reversed in part.

WILLIAM B. HOFFMAN, P.J., and FARMER, J., concur.