OPINION JUDGMENT ENTRY
{¶ 1} On May 2, 2003, the Ashland County Grand Jury indicted appellant, Jeffrey Schultz, on one count of complicity to attempted murder in violation of R.C. 2923.03 and R.C. 2903.02, one count of complicity to felonious assault in violation of R.C.2923.03 and R.C. 2903.11, one count of complicity to criminal damaging or endangering in violation of R.C. 2923.03 and R.C.2909.06, and one count of complicity to discharging firearms within the corporate limits of the City of Ashland in violation of Ashland Codified Ordinances 501.10 and 549.10. Appellant was charged with aiding and abetting Ryan Hershiser in a shooting spree whereby Elizabeth Buchanan-Hogue was shot.
 {¶ 2} A jury trial commenced on October 30, 2003. The jury found appellant guilty of all counts except for the complicity to attempted murder count. By judgment entry filed December 23, 2003, the trial court sentenced appellant to an aggregate term of six years in prison and ordered appellant to pay restitution and court costs.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred by ordering restitution without considering the offender's ability to pay as required by R.C.2929.19(B)(6)."
 II {¶ 5} "The trial court erred by ordering restitution without fixing the amount at the sentencing hearing as required by R.C.2929.18(A)(1)."
 I, II {¶ 6} Appellant claims the trial court erred in its restitution order. Specifically, appellant claims the trial court failed to make the requisite findings pursuant to R.C.2929.19(B)(6) and R.C. 2929.18(A)(1), and failed to fix the amount of restitution as required by R.C. 2929.18(A)(1). We agree.
 {¶ 7} In its sentencing judgment entry of December 23, 2003, the trial court ordered the following:
 {¶ 8} "2) Restitution: A joint and several order with co-defendant Hershiser of all unreimbursed medical expenses to the Buchanan-Hogue Family; and their cost to replace the car damaged in the shooting; in an amount to be determined by the Probation Department, payable to the Clerk of Courts."
 {¶ 9} In its brief at 6, the state concedes appellant's arguments, and points out this court has ruled upon these issues in favor of the appellants. See, State v. Sommer,154 Ohio App.3d 421, 2003-Ohio-5022; State v. Fahringer (March 8, 2004), Ashland App. No. 03-COA-034.
 {¶ 10} Based upon the foregoing, we find the trial court erred in its restitution order. We hereby reverse the restitution order and remand the matter to the trial court to enter proper findings and a fixed amount.
 {¶ 11} Assignments of Error I and II are granted.
 {¶ 12} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed and remanded.
Farmer, J., Gwin, P.J. and Boggins, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is reversed and the matter is remanded to said court for further proceedings consistent with this opinion.