OPINION
{¶ 1} Appellant June E. Kenny appeals her January 17, 2006, sentencing entered by the Ashland County Court of Common Pleas on one count of vehicular homicide.
 STATEMENT OF THE CASE {¶ 2} Appellant June E. Kenny was employed as a truck driver. On April 19, 2005, she was operating a dump truck taking loads from a site to a drop off point. After having made several trips along the same route, Appellant once again came to the intersection of State Route 511 and County Road 30A near Ashland, Ohio. Appellant was supposed to stop at the intersection as traffic traveling on County Road 30A had the right of way. There is limited visibility of on-coming traffic on County Road 30A from the direction Appellant was traveling on State Route 511. Appellant told law enforcement officers that as she approached the intersection she applied the brakes and found that such were not working and she did not believe therefore that she would be able to stop in time. Appellant then made the decision to accelerate and simply travel through the intersection. Appellant did not make any effort, such as using the horn in her vehicle, to alert other vehicles or pedestrians of her intention to pass through the intersection without stopping. When Appellant reached the intersection, her truck struck a passenger car driven by Shelley Shetler broadside. Ms. Shetler died in the crash.
 {¶ 3} Said brakes had been the subject of recall. The company owning the truck which Appellant was driving had never performed the recall work. (Sent. T. at 12).
 {¶ 4} Appellant was initially charged by indictment with Aggravated Vehicular Homicide.
 {¶ 5} On December 6, 2005, Appellant entered a plea of guilty to a charge of Vehicular Homicide, a violation of § 2903.06(A)(3)(a), a first degree misdemeanor.
 {¶ 6} On January 17, 2006, the Court imposed a maximum 180 day jail sentence and suspended 150 days, placing the Appellant on probation for a period of five years. Appellant was also ordered to perform 240 hours of community service and pay the maximum fine of $1,000.00, plus court costs, as well as ordered to make restitution. (T. at 17-19).
 {¶ 7} Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 8} "I. THE TRIAL COURT ERRED IN SENTENCING BY ORDERING RESTITUTION, BUT NOT ORDERING A SPECIFIC AMOUNT AT THE TIME OF SENTENCING.
 {¶ 9} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN OPPOSING THE MAXIMUM JAIL SENTENCE IN LIGHT OF THE STATUTORY SENTENCING CRITERIA.
 {¶ 10} "III. THE TRIAL COURT ERRED IN OPPOSING [SIC] THE MAXIMUM POSSIBLE FINE WHEN THE APPELLANT WAS INDIGENT AND IN CONSIDERATION OF THE SENTENCING FACTORS."
 I. {¶ 11} Appellant claims the trial court erred in failing to specify an amount of restitution at the time of sentencing. We agree.
 {¶ 12} Revised Code § 2929.18(A)(1), Financial sanctions, provides as follows:
 {¶ 13} "(A) . . . Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 {¶ 14} "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender."
 {¶ 15} In its brief at 2, the State concedes Appellant's arguments as to this assignment, and points out that this Court has previously ruled upon these issues in favor of the Appellants. See State v. Schultz, Ashland App. No. 04 COA 008, 2004-Ohio-4303. See also, State v.Sommer, 154 Ohio App.3d 421, 797 N.E.2d 559, 2003-Ohio-5022; State v.Fahringer (March 8, 2004), Ashland App. No. 03-COA-034.
 {¶ 16} Based upon the foregoing, we find the trial court erred in its restitution order. We hereby reverse the restitution order and remand the matter to the trial court to enter proper findings and a fixed amount.
 {¶ 17} Appellant's first assignment of error is sustained.
 II. {¶ 18} In her second assignment of error, Appellant argues that the trial court abused its discretion in sentencing her to the maximum sentence. We agree.
 {¶ 19} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Ohio Supreme Court held that R.C. § 2929.14(C), which governs maximum prison terms, does not comply with Blakely and is therefore also unconstitutional. R.C. § 2929.14(C) states that "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." In holding that section unconstitutional, the Ohio Supreme Court stated: "We have consistently held that R.C.2929.14(C) requires that specific findings be made before a maximum sentence is authorized. * * * As it stands, R.C. 2929.14(C) creates a presumption to be overcome only by judicial fact finding. It does not comply with Blakely." Foster at ¶ 64.
 {¶ 20} In Foster, the Ohio Supreme Court held that its decision was to be applied to all cases pending on direct review or not yet final. We further note that the court held that the unconstitutional provisions could be severed and that, after severance, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 21} In light of the Ohio Supreme Court's recent decision inFoster, this court must vacate appellant's sentence and remand for re-sentencing because the court may have considered unconstitutional factors in the imposition of the sentence.
 {¶ 22} Appellant's second assignment of error is sustained.
 III. {¶ 23} In her third assignment of error, Appellant argues that the trial court erred in imposing the maximum fine due to Appellant's indigency. We disagree.
 {¶ 24} The decision to impose or waive a fine rests within the sound discretion of the court and will not be reversed on appeal absent an abuse of that discretion. See State v. Kruse, 6th Dist. No. WD-05-001,2006-Ohio-3179, at 49, citing State v. Gipson (1998), 80 Ohio St.3d 626,634, 687 N.E.2d 750. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 25} R.C. 2929.19(B)(6) expressly allows the trial court to consider, among other things, future ability to pay when deciding whether to waive the financial sanction.
 {¶ 26} When determining someone's ability to pay, a court may hold a hearing on the issue, but a hearing is not required. State v.Hartsell, 6th Dist. Nos. L-03-1039, L-03-1040, 2004-Ohio-1331, at 15. The record only needs to show that the court considered a defendant's present and future ability to pay. Id.
 {¶ 27} The trial court found that Appellant was able to maintain employment. (Sent. T. at 19).
 {¶ 28} The trial court satisfied the requirements of R.C.2929.19(B)(6) and considered appellant's present and future ability to pay before imposing the financial sanction. Moreover, given the evidence before the court relating to appellant's earning capacity we cannot say that the trial court's decision not to waive the fine was arbitrary, unreasonable, or unconscionable.
 {¶ 29} Appellant's third assignment of error is overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is hereby affirmed in part, reversed in part and remanded for re-sentencing with determination made as to the amount of restitution. The sentence is vacated and this matter is remanded to the trial court for re-sentencing in accord with the law and consistent with this opinion.
Boggins, J., Gwin, P.J., and Farmer, J., concurs
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed in part, reversed in part and remanded. Costs to Appellant.