OPINION
{¶ 1} Appellant Johnny L. Hall, Jr. appeals his conviction and sentence, in the Morgan County Court of Common Pleas, on two counts of Unlawful Sexual Conduct with a Minor.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The relevant facts leading to this appeal are as follows.
 {¶ 4} On October 1, 2004, a Morgan County Grand Jury returned a twenty-five count indictment against Appellant, Johnny L. Hall, Jr. ("Appellant") for having sexual relations with his niece, a minor. The indictment contained eight counts, each for the offenses of Rape (R.C. § 2907.02); Sexual Battery (R.C. § 2907.03); and Unlawful Sexual Conduct with a Minor (R.C. § 2907.04). The indictment also contained one count of Sexual Imposition. (R.C. § 2907.06).
 {¶ 5} On May 16, 2006, Appellant pled guilty to Counts 4 and 25, both of which charged Unlawful Sexual Conduct with a Minor, in violation of R.C. § 2907.04(A) (B), third degree felonies. The court dismissed the remaining counts of the indictment.
 {¶ 6} On August 23, 2006, the trial court sentenced Appellant to four years of imprisonment on Count 4 and two years of imprisonment of Count 25. (T. at 19-20). The trial court ordered that the sentences be served consecutively. (T. at 19). In addition, the trial court imposed ten thousand dollar fines on each count. (T. at 19-20). The trial court further ordered that as restitution, Appellant pay "all damages that flow from this conduct and can be proven to flow from this conduct." (T. at 20-21). *Page 3 
 {¶ 7} On September 13, 2006, Appellant timely filed his Notice of Appeal to this Court.
 {¶ 8} On October 2, 2006, the Clerk filed the record from the court below.
 {¶ 9} On November 21, 2006, Appellant filed a Suggestion of Lack of Final Appealable Order because the trial court failed to establish an amount certain for restitution.
 {¶ 10} On December 26, 2006, this Court overruled the Motion, holding that "the Court shall consider the issue at the time of the merit review."
 {¶ 11} Appellant raises the following Assignments of Error for review:
 ASSIGNMENTS OF ERROR {¶ 12} "I. THE TRIAL COURT'S IMPOSITION OF SENTENCES OF IMPRISONMENT, WHICH WERE GREATER THAN THE STATUTORY MINIMUM, WAS CONTRARY TO LAW.
 {¶ 13} "II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT IMPOSED CONSECUTIVE SENTENCES.
 {¶ 14} "III. THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT IMPOSED AS RESTITUTION A FUTURE CHILD SUPPORT OBLIGATION."
 I., II. {¶ 15} In his First and Second Assignments of Error, appellant argues that the trial court erred in imposing sentences which were greater than the statutory minimum and in ordering said sentences to run consecutively. We disagree.
 {¶ 16} Specifically, Appellant argues that the trial court's decision was premised upon improper factors. *Page 4 
 {¶ 17} On February 27, 2006, the Ohio Supreme Court issued its decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. In Foster, the Ohio Supreme Court held that under the United States Supreme Court decisions in Apprendi v. New Jersey (2000), 530 U.S. 466,120 Sup.Ct. 2348, and Blakeley v. Washington (2004), 542 U.S. 296,124 Sup.Ct. 2531, 159 L.Ed.2d 403, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact-finding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence and/or consecutive sentences. To remedy this, the Ohio Supreme Court severed the unconstitutional sections from the Ohio Sentencing Code. Thus, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive or more than minimum sentences. State v. Mathis, 109 Ohio St.3d 54,846 N.E.2d 1, 2006-Ohio-855, syllabus paragraph 3.
 {¶ 18} After Foster, trial courts are still required to consider the general guiding factors contained in R.C. § 2929.11 and R.C. § 2929.12, see Foster at paragraph 42.
 {¶ 19} In this case, appellant was sentenced after the Supreme Court decided Foster.
 {¶ 20} The August 23, 2006, Judgment Entry imposing the sentences in the case sub judice, states the trial court has considered the record, oral statements, and pre-sentence investigation report, as well as the principles and purposes of sentencing under R.C. 2929.11, and the court has balanced the seriousness and recidivism factors under R.C. 2929.12. The court also found prison is consistent with the purposes of R.C. *Page 5 2929.11, and appellant was not amenable to any available community control sanction. These are factors the court should consider in sentencing.
 {¶ 21} The trial court found that imposing the shortest prison term would demean the seriousness of the offense and not adequately protect the public. The trial court also found that consecutive sentences are necessary to protect the public and to punish the offender, and are not disproportionate to the offense and found that the harm which occurred was so unusual, a single term would not adequately reflect the seriousness of the conduct.
 {¶ 22} This language is similar to language in R.C. § 2929.14 (E)(4), one of the portions of the Code the Foster Court found to be unconstitutional. Foster at paragraph 97.
 {¶ 23} The trial court was not required to find any additional fact or state any reason in order to impose the sentence in the instant case. The trial court could have made the sentences consecutive without making any statement on the record, so long as the sentences were within the statutory range. The trial judge merely explained on the record his reasons for imposing greater than the minimum sentence and for making the sentences run consecutively. This cannot transform a constitutional sentence into a constitutionally infirm sentence on the grounds the statements constitute impermissible judicial fact-finding, see, e.g.State v. Goggans, Delaware App. No. 06-51, 2007-Ohio-1433.
 {¶ 24} In State v. Firouzmandi, Licking App. No. 06 CA 41,2006-Ohio-5823, this Court found after the Foster court removed R.C.2953.08(G)(2) from Ohio's sentencing scheme, this left a void concerning what our standard of review should be in sentencing *Page 6 
matters, at paragraph 37, citing State v. Windham, Wayne App. No. 05CA0033, 2006-Ohio-1544 at ¶ 11. This Court concluded we must review the imposition of consecutive sentences using the abuse of discretion standard, Firouzmandi at paragraph 40. An abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable, see, e.g., State v. Adams (1980), 62 Ohio St.2d 151. In applying an abuse of discretion standard, this Court may not substitute its judgment for that of the trial court, Pons v. State Medical Board (1993),66 Ohio St.3d 619, 614 N.E.2d 748.
 {¶ 25} We find the trial court sentenced appellant within the statutory range for the convictions. Upon our review of the record before us, we cannot say the court abused its discretion.
 {¶ 26} Accordingly, appellant's First and Second Assignments of Error are overruled.
 III. {¶ 27} In his third Assignment of Error, appellant argues that the trial court erred in ordering an undetermined amount of restitution. We agree.
 {¶ 28} Upon review, the trial court ordered the following:
 {¶ 29} "4. Defendant is Ordered to pay restitution in this matter. Although the Court cannot indicate an exact amount yet it reasonably expects the victim to suffer further damage for such things to include counseling and psychological services. The restitution contemplated by this Order are those damages that reasonably flow directly from the harm inflicted by the Defendant's conduct."
 {¶ 30} Revised Code § 2929.18(A)(1), Financial sanctions, provides as follows: *Page 7 
 {¶ 31} "(A) . . . Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 {¶ 32} "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender."
 {¶ 33} This Court has previously ruled upon these issues in favor of the Appellants. See State v. Schultz, Ashland App. No. 04 COA 008,2004-Ohio-4303. See also, State v. Sommer, 154 Ohio App.3d 421,797 N.E.2d 559, 2003-Ohio-5022; State v. Fahringer (March 8, 2004), Ashland App. No. 03-COA-034. *Page 8 
 {¶ 34} While cognizant of the trial court's problem in pre-determining future costs of care and suffering, the victim still has the remedy of seeking damages against Appellant in a civil suit.
 {¶ 35} Based upon the foregoing, we find the trial court erred in its restitution order. We hereby reverse the restitution order and remand the matter to the trial court to enter proper findings and a fixed amount.
 {¶ 36} Appellant's Third Assignment of Error is sustained.
 {¶ 37} For the foregoing reasons, the judgment of the Court of Common Pleas, Morgan County, Ohio, is hereby affirmed in part, reversed in part, and remanded for a new sentencing hearing.
By: Wise, J. Gwin, P. J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
 Costs to be split between appellant and appellee. *Page 1