[Cite as *State v. Jackson*, 2012-Ohio-4235.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA3263 |
| | : | |
| vs. | : | **Released: September 14, 2012** |
| | : | |
| PATRICK JACKSON, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Benjamin J. Partee, Chillicothe, Ohio, for Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Jeffrey C. Marks, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} Appellant, Patrick Jackson, appeals the order of restitution imposed by the Ross County Court of Common Pleas in connection with his plea of no contest to improper handling of a firearm in a motor vehicle and vandalism, both fifth degree felonies. On appeal, Appellant contends that the trial court committed plain error in ordering a restitution amount not supported by the record or evidence presented. After reviewing the restitution order under an abuse of discretion standard, which we apply in light of the fact that Appellant disputed the amount of restitution during the

sentencing hearing, we find that the amount of restitution ordered is not supported by competent, credible evidence in the record. As such, we conclude that the trial court erred and abused its discretion in ordering restitution in the amount that it did. Accordingly, Appellant's sole assignment of error is sustained and the decision of the trial court, as to restitution, is reversed and the matter is remanded for further proceedings.

## FACTS

{¶2} With one exception, the parties agree on the following facts, as set forth in Appellant's brief on appeal:

"On February 6, 2011, Appellant was pulled over in Chillicothe. Upon approaching the vehicle, the arresting officer noticed an open container of alcohol, for which Appellant was arrested. Upon further search, the officer located a loaded handgun in Appellant's bag, within reach of Appellant. Upon being placed in the cruiser, Appellant was able to get his handcuffed arms from behind to in front of him. At that time, Appellant pulled on the wires attached to the in-cruiser video camera. Appellant pulled the wires from the camera, destroying the wires and bending the camera's mounting bracket. * * *."

The State's exception to Appellant's version of the facts deals with the amount of damage that was caused to the cruiser video system. The State instead directs this Court to the reports provided as part of the pre-sentence investigation.

{¶3} The record further reveals that on April 12, 2011, based upon the above facts, Appellant entered no contest pleas to improper handling of a firearm in a vehicle, in violation of R.C. 2923.16, and vandalism, in violation of R.C. 2909.05, both fifth degree felonies. The transcript of the sentencing hearing held on May 24, 2011, indicates that the trial court considered a pre-sentence investigation report, as well as a police report and a document consisting of a price list for replacement camera parts, that was submitted by the State as part of the pre-sentence investigation. However, the reports referenced by the State on appeal and by the trial court in the transcript do not appear in the record before us, and were not attached to the pre-sentence investigation report.

{¶4} Although Appellant's counsel disputed the amount of damage done to the cruiser video system, which the State claimed totaled $3,235.00, the trial court ordered the full amount in restitution. It is from this sentencing order imposing restitution that Appellant now brings his timely appeal, setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT COMMITTED PLAIN ERROR IN
       ORDERING A RESTITUTION AMOUNT NOT SUPPORTED BY
       THE RECORD OR EVIDENCE PRESENTED."

LEGAL ANALYSIS

{¶5} In his sole assignment of error, Appellant contends that the trial court committed plain error in ordering a restitution amount not supported by the record or evidence presented. However, as the record indicates that Appellant's trial counsel disputed the amount of restitution requested by the State, and which the trial court ordered, we find it unnecessary to employ a plain error analysis. Instead, we apply the analysis recently acknowledged by this Court in *State v. Rizer*, 4th Dist. No. 10CA3, 2011-Ohio-5702, ¶ 41, which applied the analysis for review of felony sentences as set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

{¶6} In *State v. Kalish*, the Supreme Court of Ohio announced the standard for appellate review of felony sentences which involves a two-step analysis. First, we "must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If the sentence is not clearly and convincingly contrary to law, we review the trial court's sentence for an abuse of discretion. Id. The term "abuse of

discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶7} R.C. 2929.18 governs the imposition of financial sanctions and provides in section (A)(1) as follows:

> "(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
>
> (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to

another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, *the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.* If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

If the court imposes restitution, the court may order that the offender pay a surcharge of not more than five per cent of the amount of the restitution otherwise ordered to the entity responsible for collecting and processing restitution payments.

The victim or survivor may request that the prosecutor in the case file a motion, or the offender may file a motion, for modification of the payment terms of any restitution ordered. If the court grants the motion, it may modify the payment terms as it determines appropriate."[1] (Emphasis added).

{¶8} Here, Appellant pled no contest to vandalism with regard to the cruiser video system. Thus, Appellant does not dispute that he damaged the system, he simply disputes the extent of the damage and the cost of repair. Moreover, he does not dispute that restitution was proper, he simply disputes the amount. The record reveals that the trial court relied upon information permitted by R.C. 2929.18(A)(1), specifically, a pre-sentence investigation report indicating Appellant caused damage to the system, as well as estimates indicating cost of replacement in arriving at its restitution order. However, the estimates reviewed by the trial court were not admitted into evidence as exhibits and thus were not made part of the record. Further, although the pre-sentence investigation report was reviewed by the trial court, that report simply states the restitution amount as "$3,235.00 to Chillicothe Police" and references that the amount was based upon "information contained in the Prosecutor file[.]"

---

[1] We apply a prior version of R.C. 2929.18 with an effective date of April 7, 2009, as the current version did not become effective until September 23, 2011.

{¶9} "A trial court abuses its discretion when it orders restitution in an amount that has not been determined to bear a reasonable relationship to the actual loss suffered as a result of the defendant's offense." *State v. Johnson*, 4th Dist. No. 03CA11, 2004-Ohio-2236, ¶ 11; citing *State v. Martin*, 140 Ohio App.3d 326, 747 N.E.2d 318 (2000) and *State v. Williams*, 34 Ohio App.3d 33, 34, 516 N.E.2d 1270 (1986). "[T]he amount of the restitution must be supported by competent, credible evidence in the record from which the court can discern the amount of the restitution to a reasonable degree of certainty." *Johnson* at ¶ 10; citing *State v. Sommer*, 154 Ohio App.3d 421, 424, 2003-Ohio-5022, 797 N.E.2d 559, ¶ 12 and *State v. Gears*, 135 Ohio App.3d 297, 300, 733 N.E.2d 683 (1999). "Since the amount of restitution must bear some reasonable relationship to the loss suffered, it logically follows that there must be some factual findings in the record to substantiate the figures." *State v. Poole*, 4th Dist. No. 522, 1992 WL 276564 (Oct. 6, 1992);  See, also, *State v. Poole* , 4th Dist. No. 563, 1994 WL 146829 (Apr. 14, 1994) (reversing and remanding case when there was no evidence in the record to substantiate a restitution order).

{¶10} As statements made by the prosecutor are not considered evidence, the replacement parts sheet was not made part of the record (either as an admitted exhibit or as an attachment to the PSI), and there was no

witness testimony as to the extent of the damage or cost to repair or replace, there is no evidence "in the record" for us to review. As such, we conclude that the trial court's order of restitution was contrary to law, and thus, was also an abuse of discretion.

{¶11} Having determined that the trial court's order of restitution was an abuse of discretion, Appellant's sole assignment of error is sustained. Accordingly, the decision of the trial court is reversed, and the matter is remanded to the trial court for further proceedings.

**JUDGMENT REVERSED AND REMANDED.**

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Kline, J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**