[Cite as *State v. Wright*, 2021-Ohio-2692.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                          :
                                        :        Case No. 20CA3922
     Plaintiff-Appellee,              :
                                        :
     v.                               :        DECISION AND JUDGMENT
                                        :        ENTRY
JACK WRIGHT,                            :
                                        :        **RELEASED: 08/02/2021**
     Defendant-Appellant.             :
_____
APPEARANCES:

Richard W. Campbell, Portsmouth, Ohio, for Appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay S. Willis, Assistant Scioto County Prosecutor, Portsmouth, Ohio, for Appellee.

_____

Wilkin, J.

{¶1} Appellant, Jack Wright, was initially charged with theft from a person in a protected class, a third-degree felony, but reached an agreement with the state and pleaded guilty to the misdemeanor offense of criminal trespass in the Scioto County Court of Common Pleas. The trial court imposed a one-year community-control sanction and ordered Wright to pay the victim, Henry Oberling, $5,000 in restitution. Wright now appeals and in his sole assignment of error challenges the trial court's restitution order.

{¶2} We sustain Wright's assignment of error, reverse the trial court's restitution order and remand the case for the court to determine the appropriate amount. The trial court's restitution sanction was based on the service fee Wright and his crew were paid for the unauthorized removal of trees from

Oberling's property.  The order was not predicated as required on the economic loss suffered by Oberling.

## FACTS AND PROCEDURAL BACKGROUND

{¶3} In October 2017, Wright was contracted by the Crèmeans, the adjacent property owners to Oberling, to cut down trees.  Wright, however, without Oberling's consent removed trees from his property.  Wright was indicted in December 2017, of committing the offense of theft from a person in a protected class, a third-degree felony.  In the indictment and bill of particulars, the state outlined Wright's conduct of unlawfully cutting down trees, totaling $16,000, from Oberling's property.  A year later, Wright and the state reached an agreement and informed the trial court of Wright's intent to plead guilty to the amended charge of criminal trespass, a fourth-degree misdemeanor.

{¶4} On October 24, 2018, the plea hearing was held and prior to accepting Wright's guilty plea, the trial court advised both parties that it will "schedule this for a restitution hearing, not too far out and if restitution is paid early then I will consider terminating his probation early."  Wright pleaded guilty to criminal trespass and the trial court accepted his plea.  The trial court then scheduled a combined restitution and sentencing hearing for November 21, 2018.

{¶5} Prior to the hearing, however, the state filed a motion for mediation.  In the motion, the state indicated that Wright was in agreement to refer the restitution issue to mediation.  The trial court granted the state's request and the

"issue of restitution shall be referred to mediation upon the agreement of the parties."

{¶6} On June 16, 2020, a combined restitution and sentencing hearing was held. At the beginning of the hearing, the state informed the trial court that the parties attempted mediation but it was unsuccessful because Oberling failed to appear. The state declared that the issue of restitution is back with the court. Mr. Campbell, Wright's counsel, then informed the trial court that he discussed the issue with Wright and:

> his understanding was the total sum got for the timber was $10,000.00 which half of that went to the Crèmeans and (inaudible) tempting [sic] to cut timber for and the other half was divided between him and other people working on the job and he certainly didn't get the full $5,000.00 or anything. But that is pretty much the extent of it.

{¶7} Mr. Campbell reiterated that: "$5,000 to the Crèmeans and $5,000 to Mr. Wright and the people he was working with." He then stipulated that Wright "and his crew got $5,000.00." The trial court clarified the stipulation: "So, I understand that the stipulation is that the defendant Mr. Wright and his crew received $5,000.00 in compensation for the work that was performed in cutting the timber?" Mr. Campbell responded yes. Prior to the trial court's sentencing order, Mr. Campbell requested that the court take into consideration that Wright pleaded guilty to criminal trespass, a fourth-degree misdemeanor, and that restitution should be reasonably related to the offense. The state did not present any evidence related to restitution or argue for any specific amount.

{¶8} The trial court then imposed restitution in the amount of $5,000 payable to Oberling:

Still the fact remains that he apparently was the supervisor of this crew because the stipulation refers to it as his crew and he received $5,000.00. Because of the ambiguity involved and we don't have anybody else testifying to supplement this stipulation. I also find that Mr. Campbell you are right this is a 4th degree misdemeanor; it is no longer a felony. But it is not a 1st degree misdemeanor theft where a certain amount is served as a sealing [sic]. This is a criminal trespass and there is really no reference to an amount and he pled guilty to criminal trespass and the stipulation connects the $5,000.00 to that trespass. So, I am going to find that restitution is to be awarded to be paid by the defendant to the victim in this case[.]

**{¶9}** The trial court sentenced Wright to a one-year community-control sanction leaving the frequency of reporting to the Scioto County Department of Probation. Both the restitution order and the community-control sentence were incorporated in the trial court's judgment entry.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ORDERING THE DEFENDANT-APPELLANT' TO PAY RESTITUTION FOLLOWING HIS PLEA AND CONVICTION TO A CHARGE OF CRIMINAL TRESPASSING, A MISDEMEANOR OF THE FOURTH DEGREE IN VIOLATION OF OHIO REVISED CODE 2922.21(a)(1).

**{¶10}** Wright claims that the offense for which he was convicted did not result in any economic loss to Oberling because he did not appear at the restitution hearing and no testimony was presented demonstrating his economic damages. The state maintains that Wright's negotiated plea included a jointly recommended sentence and is not reviewable on appeal. According to the state, "the amount of restitution was part of the agreement between the prosecution and the defense[.]" The state further asserts the amount of restitution was connected to the offense of criminal trespass and there was a stipulation at the

sentencing hearing of Wright receiving $5,000 for cutting down timber on

Oberling's property.

Law and Analysis

{¶11} We first begin by clarifying the negotiated plea agreement between

Wright and the state.  Recently, the Supreme Court of Ohio emphasized the

"necessity of placing" the underlying agreement on the record.  *See State v.*

*Azeen*, __ Ohio St.3d __, 2021-Ohio-1735, __ N.E.3d __, ¶ 36, citing Crim.R. 11(F).

The record here does not support the state's claim of a negotiated sentence.

Wright's signed plea agreement did not contain any promises as to sentence.  It

simply stated that Wright was waiving his rights and pleading guilty to the

amended misdemeanor charge of criminal trespass.  At the plea hearing, the trial

court set forth on the record its understanding of the plea agreement with an

affirmation of that understanding from Wright, his counsel and the state:

> It is my understanding today that Mr. Wright is going to enter a plea to the amended charge of trespass[.]
>
> * * *
> It's my understanding the parties have discussed this as well as the Court and I informed the parties pursuant to the agree[ment] that I will sentence Mr. Wright to 30 days in the county jail, I will suspend 16 of those days, give him credit for 14 days that he has previously served and place him on probation for two years. I will schedule this for a restitution hearing, not too far out and if restitution is paid early then I will consider terminating his probation early.

{¶12} As the written plea document and the discussion at the plea hearing

demonstrate, there was no agreement for the award of a specific restitution

amount to Oberling.  There was an understanding, however, that restitution

would be part of Wright's sentence.  After Wright pleaded guilty, the state

requested, with Wright's approval, that the issue of restitution be resolved through mediation. But mediation was unsuccessful. The restitution order by the trial court was ultimately issued at the sentencing hearing almost 20 months after Wright pleaded guilty. Undoubtedly, the amount of restitution was not a negotiated term within Wright's plea agreement.

{¶13} Therefore, we disagree with the state's claim that the provision in R.C. 2953.08(D)(1) prohibiting review of a sentence "recommended jointly by the defendant and the prosecution" applies as to the restitution amount ordered by the trial court. We will thus proceed with addressing the court's $5,000 restitution order.

{¶14} "Generally, a decision to award restitution lies in a trial court's sound discretion and its decision will not be reversed on appeal absent an abuse of discretion." *State v. Kiser*, 4th Dist. Pickaway No. 15CA25, 2016-Ohio-5307, ¶ 35, citing *State v. Shifflet*, 2015-Ohio-4250, 44 N.E.3d 966, ¶ 49 (4th Dist.). An abuse of discretion "is more than a mere error of law or judgment; it implies that a trial court's decision was unreasonable, arbitrary or unconscionable." *State v. Martin*, 151 Ohio St.3d 470, 2017-Ohio-7556, 90 N.E.3d 857, ¶ 27, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶15} "A trial court abuses its discretion when it orders restitution in an amount that has not been determined to bear a reasonable relationship to the actual loss suffered as a result of the defendant's offense." *State v. Cambron*, 2020-Ohio-819, 152 N.E.3d 824, ¶ 20 (4th Dist.), citing *State v. Johnson*, 4th Dist. Washington No. 03CA11, 2004-Ohio-2236, ¶ 11. In addition, the amount of

restitution must be supported by "competent, credible evidence in the record from which the court can discern the amount of the restitution to a reasonable degree of certainty." *Johnson* at ¶ 10, citing *State v. Sommer*, 154 App.3d 421, 2003-Ohio-5022, 797 N.E.2d 559, ¶ 12 (5th Dist.).

**{¶16}** Wright pleaded guilty to criminal trespass, a fourth-degree misdemeanor in violation of R.C. 2911.21(A)(1). There is a relationship between Wright's conduct and the loss suffered by Oberling. Wright, without privilege to do so, entered and remained on Oberling's property and cut down trees that belonged to Oberling. Pursuant to R.C. 2929.28(A)(1), the trial court had the discretion to include restitution payable to Oberling as part of Wright's sentence, and the trial court is correct in that R.C. 2911.21(A)(1) does not reference an amount. The restitution amount, however, must be "based on the victim's economic loss." *See* R.C. 2929.28(A)(1). Economic loss means

> any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense, and the cost of any accounting or auditing done to determine the extent of loss if the cost is incurred and payable by the victim. "Economic loss" does not include non-economic loss or any punitive or exemplary damages.

R.C. 2929.01(L).

**{¶17}** That loss can be ascertained from

> an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

R.C. 2929.28(A)(1).

{¶18} A review of the record in the matter at hand reveals that the trial court's restitution order of $5,000 was not based on Oberling's economic loss. Oberling did not appear at the combined restitution and sentencing hearing, and there was no evidence presented of the value of the trees that Wright unlawfully cut down on Oberling's property. The only stipulation was that the Crèmeans received $5,000 and Wright and his crew were paid $5,000 for their services. The trial court was correct in its finding that Wright's stipulation connects his conduct to the trees that were cut on Oberling's property. But the trial court's order of $5,000 was the amount of money Wright and his crew received, not the value of the trees removed demonstrating Oberling's economic loss.

{¶19} Therefore, we vacate the portion of Wright's sentence that ordered him to pay $5,000 in restitution and remand the case to the trial court to determine the proper amount of restitution.

CONCLUSION

{¶20} Having sustained Wright's assignment of error, we reverse the trial court's restitution order and remand the matter for further proceedings consistent with this opinion.

**JUDGMENT REVERSED AND REMANDED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court,


BY: _____
Kristy S. Wilkin, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**