DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Curtis Burton, appeals from the sentencing judgment entry entered in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was indicted by the Summit County Grand Jury on one count of theft, in violation of R.C. 2913.02(A)(1)/(A)(3), a fifth-degree felony; one count of resisting arrest, in violation of R.C. 2921.33(A), a second-degree misdemeanor; and one count of criminal trespass, in violation of R.C.2911.21(A)(3), a fourth-degree misdemeanor.
 {¶ 3} At the final pretrial hearing, Appellant pled guilty to the theft and resisting arrest charges. The prosecution dismissed the criminal trespass charge. The trial court sentenced Appellant to concurrent sentences of one year in prison on the theft charge, the statutory maximum, and 90 days in jail for the resisting arrest charge.
 {¶ 4} Appellant timely appealed his sentencing, asserting a single assignment of error for review.
 II. First Assignment of Error
"THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE FOR THE CRIME OF THEFT."
 {¶ 5} In his assignment of error, Appellant challenges the trial court's imposition of the maximum sentence for the theft charge. Appellant asserts that the trial court failed to make the findings required by statute to impose the maximum sentence on the theft charge and further failed to put its findings on the record, in accordance with R.C. 2929.14(C) and R.C.2929.19(B)(2)(d). Additionally, Appellant contends the trial court relied upon "inappropriate criteria for sentencing him to the maximum term." Appellant argues his case should be remanded to the trial court for resentencing. This Court disagrees.
 {¶ 6} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraphs one through six of the syllabus, the Ohio Supreme Court held that portions of Ohio's statutory sentencing scheme violated the Sixth Amendment of the United States Constitution, per Blakely v. Washington (2004), 542 U.S. 296. The Court found certain sentencing provisions, including R.C. 2929.14(C) and R.C.2929.19(B)(2), to be unconstitutional to the extent that they required judicial fact finding. Foster at paragraphs one and two of the syllabus. To remedy the sentencing scheme's constitutional violations, the Court excised the offending provisions. Id. at paragraphs one through six of the syllabus. The Court went on to grant the trial courts full discretion to impose sentences within the statutory range and relieved the trial courts of the need to make findings in support of an imposition of a maximum, consecutive or more than the minimum sentence. Id. at paragraph seven of the syllabus.
 {¶ 7} Further, "the Foster Court excised R.C. 2953.08(G), which permitted an appellate court to remand matters in order for the trial court to make statutory findings." State v.Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 20, citing Foster at ¶ 97. Accordingly, an appellant is unable to "premise error on the alleged procedural deficiencies of the trial court's sentencing entry." Dudukovich at ¶ 20.
 {¶ 8} Appellant's arguments are predicated upon R.C.2929.14(C) and R.C. 2929.19(B)(2)(d), statutes which no longer exist. Further, the trial court has full discretion to impose the maximum sentence and it does not need to provide the Appellant with the basis for such sentencing. Accordingly, Appellant's assignment of error lacks merit and is overruled.
 III. {¶ 9} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., Carr, J., Concur.