DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. A jury found Cheston L. Napper, defendant below and appellant herein, guilty of murder in violation of R.C.2903.02, attempted murder in violation of R.C. 2923.03, and having a firearm while under a disability in violation of R.C. 2923.13.
 {¶ 2} Appellant assigns the following errors for review and determination:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT DENIED MR. NAPPER DUE PROCESS OF LAW AND THE RIGHT TO A JURY TRIAL, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, BY SENTENCING MR. NAPPER TO PRISON BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY MR. NAPPER."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT IMPOSED RESTITUTION UPON MR. NAPPER WITHOUT CONSIDERING HIS PRESENT AND FUTURE ABILITY TO PAY."
 {¶ 3} On the evening of February 11, 2005, appellant was part of a group of individuals who gathered at a home to socialize. After a fight broke out, appellant brandished a firearm and shot two individuals. One of those individuals, Marvin Woodfork, III, later died.
 {¶ 4} The Ross County Grand Jury returned an indictment charging appellant with murder, with both a firearm and a repeat violent offender specification, attempted murder, with both a firearm and a repeat violent offender specification, and having a weapon while under disability. The jury found appellant guilty on all counts.
 {¶ 5} The trial court sentenced appellant to serve fifteen (15) years to life on the murder charge, with nine (9) and three (3) years (respectively) for the repeat violent offender and firearm specifications — both to be served consecutively to the prison term on the murder charge; ten (10) years on the attempted murder charge, together with nine (9) additional years on the repeat violent offender specification to be served consecutively to the prison term for attempted murder; and five years for having a firearm while under a disability. The court also ordered all sentences be served consecutively[1] and that appellant pay $3,944 in restitution for his victim's funeral expenses.
This appeal followed.
 I {¶ 6} Appellant asserts in his first assignment of error that the trial court's various sentences run afoul of his rights under theSixth Amendment to the United States Constitution. In particular, he argues that the trial court sentenced him based on statutes that the Ohio Supreme Court struck down in State v. Foster, 109 Ohio St.3d 1, 845
N.E.2d 470, 2006-Ohio-856, as unconstitutional.
 {¶ 7} First, appellant posits that the trial court relied on R.C.2929.14(C) to impose the maximum allowable sentence for having a weapon while under a disability and that this part of the statute has since been struck down. We agree. The trial court explicitly stated at the sentencing hearing that imposed the maximum penalty for this offense because appellant "pose[d] the greatest likelihood of committing future crimes" and because he "committed the worst form of the offense." See R.C. 2929.14(C). The Ohio Supreme Court held that this provision is unconstitutional. See Foster. 2006-Ohio-856, at paragraph one of the syllabus.[2] We fully recognize, however, that the trial court did not have the benefit of Foster when it sentenced appellant in the case sub judice.
 {¶ 8} Next, appellant argues that the trial court relied on R.C.2929.14(E)(4) to order his sentences to run consecutively to one another and that this part of the statute was also struck down as unconstitutional. Again, we agree. The trial court explicitly stated that consecutive prison sentences are "necessary to protect the public from future crime," and "punish" appellant and they were not "disproportionate to the seriousness of [his] conduct." The court also concluded that "at least two of these offenses were committed as part of one course of conduct" and that the harm was so great that no single prison term would "adequately reflect the seriousness of [his] conduct."
This language comes from R.C. 2929.14(E)(4)(6) and was ruled unconstitutional in Foster. 2006-Ohio-856, at paragraph three of the syllabus.[3]
 {¶ 9} Finally, appellant argues that the trial court relied on R.C.2929.14(D)(2)(b) to impose the two separate nine (9) year prison terms for the repeat violent offender specification and that this statute has also been deemed unconstitutional. Again, we agree. The trial court's sentencing entry explicitly states that the court imposed those additional sentences after making the R.C. 2929.14(D)(2)(b) findings. That provision was also deemed unconstitutional in Foster. 2006-Ohio-856
at paragraph five of the syllabus.
 {¶ 10} Appellee does not contest that the trial court relied on statutory provisions deemed unconstitutional in Foster. Rather, appellee argues that the offending portions of the statute were severed by the Supreme Court in that case and cites a Ninth District decision that held that after Foster, remand for re-sentencing is unnecessary as the unconstitutional statutory provisions "no longer exist" and trial courts have full discretion to impose a maximum sentence without making any of the previously required factual findings. State v. Burton, Summit App. No. 23095, 2006-Ohio-3914, at ¶ 8.
 {¶ 11} We disagree with the Ninth District's interpretation of Foster. In Foster the Ohio Supreme Court stated that when sentences are based on unconstitutional statutes, those sentences must be vacated and the cases remanded for new sentencing hearings. See 2006-Ohio-856, at ¶¶ 103-104. Although we understand the argument in Burton and the desire for judicial economy, we are obligated to follow the Ohio Supreme Court's directives.
 {¶ 12} Appellee also argues that we should deem the issue waived because appellant did not raise it at trial. We are not persuaded. Again, the Ohio Supreme Court was clear that all sentences based on unconstitutional statutes must be vacated and the cases remanded for re-sentencing. The Ohio Supreme Court did not premise that directive on whether the issue had been preserved in the trial court.
 {¶ 13} Further, we note that before Foster was decided many Ohio courts held that federal case law [4] did not apply to Ohio's felony sentencing scheme. See e.g. State v. Scheer, 158 Ohio App.3d 432, 816
N.E.2d 602, 2004-Ohio-4792, at ¶ 15; State v. Sideris, Athens App. No. 04CA37, 2005-Ohio-1055, at ¶ 15; State v. Wheeler, Washington App. No. 04CA1, 2005-Ohio-479, at ¶ 16, fn. 2 (Application for Reconsideration and Motion to Certify a Conflict); State v. Hardie, Washington App. No. 04CA24, 2004-Ohio-7277, at ¶¶ 7-9. We cannot fault a defendant for not raising an issue that this Court had consistently rejected in the past.
 {¶ 14} In any event, based upon these reasons we agree with appellant that his sentences must be vacated and we remand this case for a new sentencing hearing. Thus, appellant's first assignment of error is hereby sustained.
 II {¶ 15} Appellant's second assignment of error involves the trial court's order that he pay restitution for the victim's funeral expenses. At the outset, we note that R.C. 2929.18(A)(1) permits a trial court to order an offender to pay restitution to a victim's survivors to compensate for the victim's economic loss. At the same time, however, a trial court must consider the offender's present and future ability to pay that sanction. R.C. 2929.19(B)(6). Appellant argues that the court failed to consider his ability to pay in this case before it imposed restitution.
 {¶ 16} At the sentencing hearing, the trial court found appellant "to be indigent." Further, in its sentencing entry the court stated that costs were waived and no fine imposed due to appellant's "financial circumstances." It appears incongruous to find that appellant could afford to make restitution, but is indigent and unable to pay any fines or court costs. Additionally, the aggregate total of appellant's prison terms are fifty-one (51) years to life. No indication appears in the record that appellant has an independent means of support. The record is unclear as to how appellant will have the future ability to pay the victim's family.
 {¶ 17} Obviously, we share the trial court's desire to require appellant to make restitution to the victim's family. The Woodfork family suffered the tragic loss of their son and the double hardship of paying funeral expenses. Nevertheless, R.C. 2929.19(B)(6) does not allow for imposition of restitution without considering an offender's present and future ability to pay. Again, we find nothing in the record to indicate how appellant could make restitution. For these reasons, we hereby sustain appellant's second assignment of error.
 {¶ 18} Having sustained both assignments of error, the sentences are hereby vacated and the matter remanded for re-sentencing consistent with this opinion.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FOR RE-SENTENCING CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part and the case be remanded for re-sentencing consistent with this opinion. Appellant to recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, P.J. Kline, J.: Concur in Judgment Opinion
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] The trial court clarified in its sentencing entry that the aggregate term of these prison sentences was fifty-one (51) years to life.
[2] R.C. 2929.14(C) states, inter alia, "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing futurecrimes. . . " (Emphasis added.)
[3] R.C. 2929.14(E)(4)(b) states, in pertinent part, that a court may impose consecutive prison terms "if the court finds that the consecutive service is necessary to protect the public from future crime or topunish the offender and that consecutive sentences are notdisproportionate to the seriousness of the offender's conduct" and if the court further finds, inter alia, "[a]t least two of the multipleoffenses were committed as part of one or more courses of conduct, andthe harm caused by two or more of the multiple offenses so committed wasso great or unusual that no single prison term for any of the offensescommitted as part of any of the courses of conduct adequately reflectsthe seriousness of the offender's conduct." (Emphasis added.)
[4] E.g. United States v. Booker (2005), 543 U.S. 220,160 L.Ed.2d 621, 125 S.Ct. 738, and Blakely v. Washington (2004), 542 U.S. 296, 159 L.Ed .2d 403, 124 S.Ct. 2531.