DECISION AND JUDGMENT ENTRY
{¶ 1} William Bellville ("Appellant") appeals from a Washington County Court of Common Pleas decision finding him guilty of trafficking in drugs in violation of R.C. 2925.03 and sentencing him to nine months in prison. He contends that the non-minimum sentence imposed by the trial court violates the due process and ex post facto clauses of the United States Constitution, and constitutes plain error, as the trial court did not have the authority to impose such a sentence. Because we find that the issuance of such a non-minimum sentence does not violate the due process or ex post *Page 2 
facto clauses, and the trial court enjoys the right to impose said sentence under the decision set forth in State v. Foster,109 Ohio St.3d 1, 845 N.E.2d 470, we affirm its judgment.
 II. Facts. {¶ 2} On February 13, 2007, the Appellant entered a guilty plea to an indictment charging him with trafficking in drugs, in violation of R.C.2925.03(A)(1) and (C)(2)(a), a fifth degree felony. On March 29, 2007, the trial court sentenced him to nine months in prison. The Appellant presently appeals his sentence, asserting the following assignments of error:
 II. Assignments of Error. {¶ 3} 1. THE TRIAL COURT ERRED BY IMPOSING A NON-MINIMUM SENTENCE IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION.
 {¶ 4} 2. THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED MR. BELL VILLE DUE PROCESS OF LAW BY IMPOSING A NON-MINIMUM SENTENCE.
 {¶ 5} 3. THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO IMPOSE A NON-MINIMUM SENTENCE.
 III. Analysis. {¶ 6} In his first assignment of error, the Appellant argues that the trial court erred when it sentenced him to serve a non-minimum sentence. He contends that subsequent to the Supreme Court of Ohio's decision inState v. *Page 3 Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, which struck down various portions of Ohio's felony sentencing law, the trial court's imposition of prison sentences beyond the statutory minimum violates his due process rights, as well as the safeguards against ex post facto laws. We disagree.
 {¶ 7} First, Foster was decided on February 27, 2006. The trial court held the Appellant's sentencing hearing on March 29, 2007. The Appellant should have raised the instant argument during the hearing so that the trial court could have addressed it. He failed to do so and that failure waives the issue on appeal. See State v. Close, Washington App. No. 03CA30, 2004-Ohio-1764, at ¶ 19; State v. Smith, Highland App. No. 01CA13, 2002-Ohio-3402, at ¶ 18; In re Cazad, Lawrence App. No. 04CA36,2005-Ohio-2574, at ¶ 48; State v. Bruce, Washington App. No. 06CA40,2007-Ohio-1938.
 {¶ 8} Additionally, assuming arguendo that the Appellant had properly preserved the issue for appeal, we are not persuaded that it has merit. On several occasions we have considered the same ex post facto argument that the Appellant raises herein and we have rejected it each time. SeeState v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 11-12;State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, at ¶¶ 8-11. Other Ohio appellate courts have rejected it as well. See State v.Mallette, *Page 4 
Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 40-47; State v Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9; State v. Shield, Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶¶ 21-23; State v.Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶ 10. Accordingly, we overrule the Appellant's first assignment of error.
 IV. {¶ 9} In his second and third assignments of error, the Appellant argues that the trial court committed plain error and exceeded its authority when it imposed a non-minimum sentence on the Appellant. The Appellant argues that in this case, we should recognize plain error. We, however, find that argument unavailing. Notice of plain error must be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. See State v. Barnes
(2002), 94 Ohio St.3d 21, 27, 759 NE.2d 1240; State v. Hill (2001),92 Ohio St.3d 191, 196, 749 N.E.2d 274. The plain error rule should not be invoked unless, but for the error, the case's outcome would have been different. See State v. Jackson (2001), 92 Ohio St.3d 436, 438,751 NE.2d 946; State v. Sanders (2001), 92 Ohio St.3d 245, 263,750 NE.2d 90. Because the trial court enjoys the right to impose a non-minimum sentence in the case sub judice, as set forth in Foster, supra, the trial court committed no error that would allow us to *Page 5 
employ the plain error rule. We likewise find that it operated within its authority, as set forth in Foster, supra, when it imposed a non-minimum sentence. As such, we overrule the Appellant's second and third assignments of error.
 {¶ 10} We find nothing in the Appellant's brief to prompt us to revisit our conclusion that imposition of a non-minimum sentence in accordance with Foster principles is not violative of due process or ex post facto laws. Therefore, we continue to adhere to our decisions inHenry, supra, and Grimes, supra. Further, we do not find that that the trial court erred or exceeded its authority when it imposed a non-minimum sentence. Accordingly, we affirm its judgment.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J. and Kline, J.: Concur in Judgment and Opinion. *Page 1