DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. A jury previously found Cheston L. Napper, defendant below *Page 2 
and appellant herein, guilty of: (1) murder in violation of R.C.2903.02; (2) attempted murder in violation of R.C. 2923.03; and (3) having a firearm under disability in violation of R.C. 2923.13.
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN SENTENCING MR. NAPPER UNDER A STATUTE THAT HAD BEEN SEVERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER, 109 OHIO ST.3d 1, 2006-OHIO-856."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT DENIED MR. NAPPER DUE PROCESS OF LAW, BY SENTENCING HIM TO NON-MINIMUM, MAXIMUM, AND CONSECUTIVE TERMS OF IMPRISONMENT, IN VIOLATION OF THE EX POST FACTO DOCTRINE."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN SENTENCING MR. NAPPER TO SERVE CONSECUTIVE PRISON TERMS."
 {¶ 3} On the evening of February 11, 2005, appellant was part of a group of individuals who gathered at a home to socialize. After a fight broke out, appellant brandished a firearm and shot two individuals. Marvin Woodfork, III, later died.
 {¶ 4} The Ross County Grand Jury returned an indictment that charged appellant with murder (with both a firearm and a repeat violent offender specification), attempted murder (with both a firearm and repeat violent offender specification), and having a weapon while under disability. The jury found appellant guilty on all counts. *Page 3 
 {¶ 5} The trial court sentenced appellant to serve fifteen (15) years to life in prison on the murder charge, with nine (9) and three (3) years (respectively) for the repeat violent offender and firearm specifications to both be served consecutively to the prison term on the murder charge; ten (10) years on the attempted murder charge, together with nine (9) additional years on the repeat violent offender specification to be served consecutively to the prison term for attempted murder; and five years for having a firearm under a disability. The court also ordered the sentences be served consecutively and that he pay $3,944 in restitution for his victim's funeral expenses.
 {¶ 6} We affirmed appellant's conviction, but vacated his prison sentences (because they were based on statutes ruled unconstitutional by the Ohio Supreme Court) and the restitution order (there was no evidence in the record to support a finding appellant had the means to make such restitution). State v. Napper, Ross App. No. 06CA2885, 2006-Ohio-6614, at ¶¶ 7-9, 17-18. After the case was remanded for re-sentencing, the trial court imposed the same sentences, but without a restitution order. This appeal followed.
 I {¶ 7} Appellant's first assignment of error is poorly worded and, frankly, we are not entirely sure about his argument. The actual text of the assignment of error asserts that the trial court sentenced him under a statute that the Ohio Supreme Court struck down in State v.Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856. However, notwithstanding a lengthy discussion of Foster in his brief, and subsequent application of that case to drug offenders, appellant does not identify the stricken statute under which he claims he was sentenced. *Page 4 
 {¶ 8} After several readings of his brief, however, as well as a close reading of the trial court's July 3, 2007 judgement entry, one plausible interpretation of appellant's argument is that the trial court sentenced him under R.C. 2929.14(D)(2)(b), a provision that the Ohio Supreme Court struck down in Foster, supra at paragraph five of the syllabus. If, in fact, that is what appellant is arguing, we agree that his claim has arguable merit.
 {¶ 9} The version of R.C. 2929.14(D)(2)(b) in effect at the time appellant committed these offenses stated as follows:
 "If the court imposing a prison term on a repeat violent offender imposes the longest prison term from the range of terms authorized for the offense under division (A) of this section, the court may impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if the court finds that both of the following apply with respect to the prison terms imposed on the offender pursuant to division (D)(2)(a) of this section and, if applicable, divisions (D)(1) and (3) of this section:" (Emphasis added.)[2]
 {¶ 10} Although the July 3, 2007 re-sentencing entry does not cite a particular statutory provision as authority for the nine year add-on sentence, the entry (1) makes reference to the "repeat violent offender" specification, and (2) states the add-on is being imposed after appellant was sentenced to "the longest prison term." SinceFoster this Court has vacated any sentence in which a sentencing entry appears to be *Page 5 
couched in language from a statute deemed unconstitutional by the Ohio Supreme Court. See e.g. State v. Spence, Lawrence App. No. 05CA40,2007-Ohio-2723, at ¶ 4. Because the language the trial court used in its July 3, 2007 sentencing entry is so close to the wording of R.C.2929.14(D)(2)(b), which was struck down by the Court inFoster, we believe the interests of justice require that we do the same here.
 {¶ 11} Appellee counters that the trial court used the repeat violent offender addon sentences, currently set out in R.C. 2929.14(D)(2) (a), that the Ohio Supreme Court expressly upheld in Foster, supra at ¶¶ 72-73. As appellant correctly notes, however, the language to which appellee cites only became law as part of H.B. No. 95, which did not effective until August 3, 2006 — some five months after Foster was decided and a year after appellant committed the crimes of which he was convicted. Indeed, we invite appellee to re-read the version of R.C.2929.14(D)(2)(a) that the Ohio Supreme Court struck in Foster. That statute is not the same one on which appellees relies in the case sub judice.
 {¶ 12} For these reasons, we hereby sustain appellant's first assignment of error. Pursuant to Foster, supra at ¶ 103, the nine year add-on sentences are hereby vacated and the matter is remanded for re-sentencing.
 II {¶ 13} Before we turn to the merits of the remaining assignments of error, we pause to address a procedural problem. Appellant argues on appeal that the re-imposition of the same prison sentences previously imposed on him violates various Constitutional rights. At his February 22, 2007, re-sentencing hearing, however, the *Page 6 
only argument he advanced was that an order of restitution was improper.
 {¶ 14} Appellee began the hearing by explicitly requesting the same prison sentences be re-imposed. If appellant believed the sentences were unconstitutional, and a violation of his rights, he should have raised the issues at that time. He did not. Thus, the issues are waived for purposes of appeal. See State v. Thompson, Washington App. Nos. 06CA43 06CA50, 2007-Ohio-2724, at ¶ 6; State v. Close, Washington App. No. 03CA30, 2004-Ohio-1764, at ¶ 19; State v. Smith, Highland App. No. 01CA13, 2002-Ohio-3402, at ¶ 18. Moreover, even if we consider the merits, we find nothing to warrant an additional reversal in this case.
 III {¶ 15} Appellant asserts in his second assignment of error that, in sentencing him to non-minimum and consecutive sentences afterFoster, the trial court violated his rights under the Due Process and Ex Post Facto clauses of the United States Constitution. We have considered this issue on numerous occasions and have rejected it each time. SeeState v. Bellville, Washington App. No. 07CA21, 2007-Ohio-5892, at ¶ 8; State v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶11-12; State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, at ¶ 8-11. Other Ohio appellate courts have rejected it as well. SeeState v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶ 40-47;State v. Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9.
 {¶ 16} We find nothing in appellant's brief to prompt us to reconsider our previous ruling. Accordingly, even if the Ex Post Facto and Due Process issues had not been waived, we would nevertheless find no merit in them and overru *Page 7 
second assignment of error.
 IV {¶ 17} Appellant asserts in his third assignment of error that the trial court erred by ordering the prison terms to be served consecutively because post-Foster authority exists to make such an order. Recently we addressed this issue and rejected it in State v.Scott, Pickaway App. No. 07CA5, 2007-Ohio-3543, at ¶ 9. Other appellate districts have also considered it and found no merit. See State v.Rigsbee, Champaign App. No. 06-CA-41, 2007-Ohio-6267, at ¶¶ 40-45;State v. Worrell, Franklin App. No. 06AP-706, 2007-Ohio-2216, at ¶¶ 6-12;State v. Gonzales, Hancock App. No. 5-06-43, 2007-Ohio-3132, unreported at ¶¶ 11-13.
 {¶ 18} We find nothing in appellant's brief to prompt us to reconsider our position. Therefore, even if the issue had not been waived, we would nevertheless overrule appellant's third assignment of error on the merits.
 {¶ 19} Having sustained the first assignment of error, the add-on sentences are hereby vacated and the matter is remanded for re-sentencing. The remainder of appellant's sentences is hereby affirmed.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND THE MATTER IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered the judgment be affirmed in part, reversed in part and the matter *Page 8 
remanded for further proceedings consistent with this opinion. Appellant to recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. McFarland, J.: Concur in Judgment Opinion
For the Court
[2] Part of the confusion in this case is undoubtedly caused by the fact that R.C. 2929.14 has been amended no fewer than seven times since the version that was in effect at the time appellant committed these crimes in February of 2005. Although the version of subsection (D)(2)(b) passed on by the Foster Court is the same version that applies to appellant, these never ending changes to the sentencing statute are obviously increasing the statute's complexity. *Page 1