DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. A jury found Charles McGraw, II, defendant below and appellee herein, guilty of vehicular homicide in violation of R.C. 2903.06(A)(3)(a). Additionally, the trial court found appellee guilty of failure to stop after an accident in violation of R.C. 4549.02.
 {¶ 2} The State of Ohio, plaintiff below and appellant herein, requested and was granted leave to appeal and assigns the following error for review: *Page 2 
 "THE TRIAL COURT ERRED IN FAILING TO ORDER THE DEFENDANT TO PAY RESTITUTION, WHERE IT DID NOT CONSIDER BOTH THE DEFENDANT'S PRESENT AND FUTURE ABILITY TO PAY RESTITUTION."
 {¶ 3} In the early evening of February 12, 2007, Rebecca Kuhn was walking along Black Run Road when appellee's vehicle struck her. Appellee drove from the scene without stopping. Kuhn later died from multiple blunt impact injuries of the head, trunk and extremities. The Ross County Grand Jury returned an indictment that charged appellee with two counts of aggravated vehicular homicide, the failure to stop after an accident and endangering children.
 {¶ 4} Subsequently, count three of the indictment (failure to stop after an accident) was severed from the other three counts and tried to the court on stipulated facts. The court found appellee guilty and, at the November 14, 2007 sentencing hearing, ordered appellee to serve three years imprisonment for that offense.
 {¶ 5} The remaining counts came on for a jury trial in December 2007. Appellee was acquitted on all three charges, but found guilty of vehicular homicide as a lesser included offense of the indictment's second count. At the sentencing hearing on December 7, 2007, the trial court imposed a six month prison sentence to be served concurrently with the three year term for the failure to stop after an accident. This appeal followed.
 {¶ 6} Appellant's assignment of error involves the trial court's refusal to impose on appellee any restitution for his victim's funeral expenses. At the sentencing hearing, the trial court explained: *Page 3 
 "I would order you to pay restitution out of the small amount of money that you will be making — in the prison for funeral expenses but my court of appeals tells me I can't do that because you will be indigent in prison. So I make no restitution order."
 {¶ 7} Although no authority was cited in support of that case law interpretation, in its sentencing entry the court cited State v.Napper, Ross App. No. 06CA2885, 2006-Ohio-6614 as authority that prohibits a restitution order. Appellant argues that the trial court misapplied our holding in that case. We agree.
 {¶ 8} In our view, although we certainly understand the confusion in this area, Napper should not be construed as a blanket prohibition against imposing restitution on anyone sentenced to prison. Rather, we held that under the circumstances in Napper, in which the appellant was indigent and relieved of fines and court costs as a result of that indigency, it appeared incongruous to impose restitution. Id. at ¶ 16. Moreover, Napper involved a prison sentence of fifty-one years to life. Id. Such a lengthy prison stay, in the absence of other visible means of support, rendered it highly unlikely that the appellant would have a "future ability" to pay restitution as required by R.C. 2929.19(B)(6).2006-Ohio-6614, at ¶ 16.
 {¶ 9} By contrast, appellee in the case sub judice was sentenced to only serve three years in prison and should emerge from his imprisonment with the ability to become gainfully employed, thus providing him a "future ability" to pay. Insofar as appellee's "present ability to pay" restitution for purposes of R.C. 2929.19(B)(6), we believe that the record is not sufficiently developed to address the question. The trial court noted that appellee should receive a small monthly stipend while in prison, but we find nothing to show whether appellee will, in fact, receive a stipend, or the amount of *Page 4 
the stipend. Without such information, we cannot determine whether appellee has a "present ability" to pay restitution.
 {¶ 10} For all these reasons, the appellant's assignment of error is well taken and sustained. The judgment of the trial court is therefore affirmed in part, reversed in part, and the case remanded for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered the judgment be affirmed in part, reversed in part, and the case be remanded for further proceedings consistent with this opinion. Appellant to recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 Harsha, J. McFarland, J.: Concur in Judgment Opinion *Page 1