[Cite as *State v. Perez*, 2019-Ohio-5323.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-134 |
| v. | : | (C.P.C. No. 16CR-81) |
| Angela A. Perez, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 24, 2019

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee. **Argued**: *Michael P. Walton*.

**On brief**: *Yeura R. Venters*, Public Defender, and *Ian J. Jones*, for appellant. **Argued**: *Ian J. Jones*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Angela A. Perez, from a judgment of the Franklin County Court of Common Pleas resentencing her following this court's remand for a hearing on restitution.

{¶ 2} On January 7, 2016, appellant was indicted on one count of grand theft, in violation of R.C. 2913.02, and one count of receiving stolen property, in violation of R.C. 2913.51. On August 15, 2016, appellant entered a guilty plea to one count of grand theft, a felony of the fourth degree.

{¶ 3} During the plea hearing, the prosecutor gave the following recitation of facts giving rise to the indictment:

> On June 5th, 2015, the victim in this case, David Bryan, he owns * * * Century Distributors, filed a theft report with Grove City police.  A Detective Turner from Columbus police had found five vacuums new in a box.  They were Rainbow vacuum cleaners that the Defendant had pawned.  He told the detective that he did not give her permission.
>
> She had interviewed with them, stated she worked for Century Distributors since April 2015, that she was earning eight dollars an hour plus commission.  After a few weeks she wasn't making the money she was promised and that she spoke to the owner and that he loaned her the five vacuums with the intent of * * * repaying him back in a few weeks, and she sold the vacuums to the pawnshops to supplement her salary.  He said he never gave her permission to take any of the vacuums.  There were five of them that were recovered.  In all, there were ten that were taken.

(Aug. 15, 2016 Tr. at 6-7.)

{¶ 4}  On September 27, 2016, the trial court conducted a sentencing hearing. During the hearing, counsel for appellant contested the amount of restitution requested by plaintiff-appellee, State of Ohio ($8,065).  By judgment entry filed September 28, 2016, the trial court imposed a sentence of five years community control and ordered appellant to pay restitution in the amount of $8,065.

{¶ 5}  On October 17, 2016, appellant filed an appeal from the judgment of the trial court, raising one assignment of error in which she asserted the trial court erred in ordering her to pay restitution without holding a hearing to resolve the dispute as to the appropriate restitution amount.  In *State v. Perez,* 10th Dist. No. 16AP-719, 2017-Ohio-4410, this court reversed and remanded the case, finding the trial court erred in failing to conduct a full hearing on the amount of restitution.

{¶ 6}  On January 8, 2019, the trial court conducted a resentencing hearing. During that hearing, the state presented an invoice (State's Ex. A1) from the owner regarding the amount "he pays for" vacuums, reflecting a price of $683 per unit.  (Jan. 8, 2019 Tr. at 4.)   With respect to the four vacuums not recovered by the owner, the trial court calculated the total amount to be "3,332."  (Jan. 8, 2019 Tr. at 4.)  The state also presented evidence (State's Ex. A2) as to the amount the owner "had to pay to recover * * * the ones that [appellant] pawned," totaling $1,325.  (Jan. 8, 2019 Tr. at 4.)  On

February 6, 2019, the trial court filed a resentencing entry, imposing five years of community control and ordering appellant to pay restitution in the amount of $4,657.

{¶ 7} On appeal, appellant sets forth the following assignment of error for this court's review:

> The trial court erred by not conducting a full, meaningful hearing at which defense counsel could cross-examine adverse witnesses on the issue of restitution pursuant to R.C. 2929.18(A)(1) after defense counsel objected to and disputed the amount of restitution.

{¶ 8} Under her single assignment of error, appellant contends she was denied a full, meaningful hearing on the issue of restitution. Appellant contends that such a hearing should include the opportunity to cross-examine adverse witnesses and to present her own evidence.

{¶ 9} R.C. 2929.18(A) governs restitution, and states in part:

> Except as otherwise provided in this division * * * the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
>
> (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

{¶ 10} In general, "R.C. 2929.18(A)(1) gives a sentencing court discretion to order restitution but not in an amount greater than the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense." *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, ¶ 3. Pursuant to R.C. 2929.01(L), "economic loss" is defined to mean "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes * * * any property loss * * * incurred as a result of the commission of the offense." The sentencing court "may base the amount of restitution on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." *Id.* The amount of restitution determined by a trial court "must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty." *State v. Sommer*, 154 Ohio App.3d 421, 2003-Ohio-5022 (5th Dist.), citing *State v. Gears*, 135 Ohio App.3d 297 (6th Dist.1995).

{¶ 11} As noted under the facts, during the initial plea hearing, the state provided a recitation of facts indicating appellant had engaged in the theft of vacuum cleaners from a business owned by David Bryan, and that appellant had subsequently sold some of the vacuums to a pawnshop. Several vacuums were later recovered.

{¶ 12} Following this court's remand, the state submitted evidentiary materials at the resentencing hearing including an invoice (State's Ex. A1) obtained from the victim regarding the cost of vacuums, as well as a document (State's Ex. A2) reflecting the cost to the owner "to recover * * * the ones that she pawned." (Jan. 8, 2019 Tr. at 4.) During that hearing, the state represented that appellant had stolen a total of nine vacuums, that the victim had recovered five of those vacuums (at a combined cost of $1,325), and that the remaining four vacuums had a replacement cost of $683 each.

{¶ 13} The record indicates that, following the state's introduction of exhibits, counsel for appellant asserted "we still dispute * * * the accusations they are saying of how many of them that were taken." (Jan. 8, 2019 Tr. at 5-6.) The following colloquy then took place between counsel for appellant and the trial court:

THE COURT: What do you have for your evidence?

[COUNSEL FOR APPELLANT]: We don't have anything. We can't get into their books to see what - -

THE COURT: Yeah, I know, but here is the thing - - all right, at this time here is what the Appellate Court is ordering me to do and that was to hold a hearing on this. We have now had a hearing on this. The State has produced receipts and invoices showing what they believe this Defendant owes. You have produced nothing. So at this time the Court is going to order restitution in the amount of $4,657.

(Jan. 8, 2019 Tr. at 6.)

{¶ 14} The sole issue raised by appellant on appeal is whether the trial court failed to conduct a meaningful hearing on the issue of restitution following this court's remand. The basis for appellant's argument appears to focus primarily on the fact the state did not call any witnesses at the resentencing hearing. Rather, as noted above, the state presented evidence in the form of an invoice (State's Ex. A1) listing the unit price of vacuums, as well as a document (State's Ex. A2) containing purchase information from a pawnshop. The state argues that Ohio's restitution statute permits such evidence as proof of restitution.

{¶ 15} Although no witnesses were called at the hearing, there is nothing to suggest appellant was denied the opportunity to present (or subpoena) witnesses, nor was appellant denied the opportunity to submit evidentiary materials such as the exhibits offered by the state. In this respect, while counsel for appellant argued appellant was disputing the number of vacuums taken, counsel chose not to call appellant as a witness. As reflected above, the trial court inquired during the proceedings as to appellant's evidence; counsel for appellant, however, did not point to any evidence he had to offer, stating to the trial court "[w]e don't have anything." (Jan. 8, 2019 Tr. at 6.)

{¶ 16} Ohio courts have held "a defendant is not denied his right to a meaningful hearing where he is given the opportunity to present evidence even if he does not avail himself of that opportunity." *State v. Moore,* 9th Dist. No. 19544 (Apr. 19, 2000). Further, although the state did not call any witnesses, choosing instead to present evidence in the form of invoices and other documentation, the trial court "did not prohibit

either party from doing so." *State v. White,* 9th Dist. No. 19387 (Feb. 9, 2000) (rejecting argument that defendant was denied a meaningful hearing where, even though state did not present witnesses, trial court did not place any limits on hearing). *See also Moore* (rejecting argument that defendant was denied a meaningful hearing because no witnesses were presented where defendant "has not alleged that he was prohibited from offering any evidence he wished to have considered by the court").

{¶ 17} On review, we agree with the state the record belies any claim the trial court prevented appellant from participating in the restitution hearing, and we find unpersuasive appellant's contention that she was denied the opportunity for a meaningful hearing. Accordingly, we find no merit to appellant's assignment of error.

{¶ 18} We do, however, agree with a further argument by the state (not raised by appellant) that the judgment entry must be modified to correct a calculation error. Specifically, the state argues that, while the trial court ordered total restitution in the amount of $4,657, the evidence submitted by the state at the hearing establishes the restitution order should have instead been in the amount of $4,057 based on documentation indicating a cost of $683 per unit to replace four vacuums (i.e., a total replacement cost of $2,732) as well as an additional amount of $1,325 to recover the pawned units. Rather than remand this matter, we modify the trial court's resentencing entry, pursuant to R.C. 2953.08(G)(2), to reflect that appellant shall pay restitution in the amount of $4,057.

{¶ 19} Based on the foregoing, appellant's single assignment of error is overruled, the judgment of the Franklin County Court of Common Pleas is modified to reflect a restitution amount of $4,057 and, as so modified, the judgment is affirmed.

*Judgment affirmed as modified.*

KLATT, P.J., and BEATTY BLUNT, J., concur.

_____