[Cite as *State v. Penty*, 2024-Ohio-5397.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, :

    Plaintiff-Appellee, :

                                       No. 23AP-338

v. : (M.C. No. 22 CRB 17495)

Matthew J. Penty, : (REGULAR CALENDAR)

    Defendant-Appellant. :

---

D E C I S I O N

Rendered on November 14, 2024

---

**On brief:** *Frost Brown Todd LLC*, *Stephen Smith, Jr.*, *Zackary L. Stillings*, and *Bradford L. Higdon*, for appellee.

**On brief:** *Mitchell A. Williams*, Public Defender, and *Robert D. Essex*, for appellant.

---

APPEAL from the Franklin County Municipal Court

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Matthew J. Penty, appeals from the May 8, 2023 judgment of the Franklin County Municipal Court, imposing a restitution order of $3,297.30 on his misdemeanor criminal damaging conviction. Mr. Penty contends the trial court erred in failing to consider his ability to pay before ordering restitution. But because the statute governing misdemeanor restitution, R.C. 2929.28, does not require a trial court to consider a defendant's ability to pay prior to ordering restitution, we affirm the judgment below.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} On April 6, 2023, Mr. Penty entered a counseled guilty plea to one count of criminal damaging, in violation of Dublin Code 131.04(A)(1)(a), a misdemeanor of the

second degree. This offense stemmed from Mr. Penty striking the trunk of A.Y.'s vehicle with his skateboard in October 2022, which resulted in damage to the vehicle.

{¶ 3} Prior to sentencing, the parties contested the amount of restitution owed to A.Y. Thus, before proceeding to sentencing at the May 8, 2023 hearing, the City of Dublin ("city"), presented evidence and testimony to prove the amount of restitution owed to A.Y. Officer Daniel Craft testified about his investigation of the incident and the city presented the photographs depicting elongated dents to the trunk of A.Y.'s vehicle, consistent with A.Y.'s claim that Mr. Penty picked up his skateboard and struck his vehicle with it. (*See* May 8, 2023 Tr. at 7-11, 13-17; Ex. 1; Ex. 2; Ex. 3; Ex. 4.)

{¶ 4} Regarding the amount of restitution sought, A.Y. testified he had not filed an insurance claim for the property damage to his car because he anticipated that submitting a claim would cause his insurance premium to increase. (*See* May 8, 2023 Tr. at 17-18, 21, 23-24.) A.Y. also presented two estimates for repairs to his vehicle (in the amounts of $2,686.30 and $2,299.43) and an estimate for a rental car (in the amount of $804.44) while the repairs were ongoing. (*See* May 8, 2023 Tr. at 18-22; Ex. 5; Ex. 6; Ex. 7.)

{¶ 5} After the city concluded its presentation, Mr. Penty testified about his current financial situation, relevant to his ability to pay any financial sanctions the trial court might impose at sentencing. (*See* May 8, 2023 Tr. at 28-31.) In closing remarks, his trial counsel argued that because A.Y. admitted he had not encountered any out-of-pocket costs in connection with this incident to date, estimates of A.Y.'s potential loss failed to sufficiently show the economic loss alleged, as defined in R.C. 2929.01(L). (*See* May 8, 2023 Tr. at 35-36.) Mr. Penty's trial counsel also expressed concerns about A.Y. being unjustly enriched by a restitution award based on these estimates in the event he later decided to submit the property damage claim to his insurance company. (*See* May 8, 2023 Tr. at 36.) Additionally, Mr. Penty's trial counsel argued against the imposition of financial sanctions and costs due to Mr. Penty's inability to pay them. (*See* May 8, 2023 Tr. at 36-37.)

{¶ 6} After hearing arguments from counsel, the trial court found the city's evidence proved A.Y. was entitled to restitution in the amount of $3,297.30 (calculated by averaging the two repair estimates and adding the rental car estimate to that amount) for "the damage [he] incurred as a result of [Mr. Penty's] actions." (May 8, 2023 Tr. at 39.) After ordering a restitution award in that amount, the trial court imposed a 90-day jail

sentence, suspending the entire jail sentence for 2 years of non-reporting probation conditioned only on Mr. Penty's payment of restitution to A.Y. (*See* May 8, 2023 Tr. at 40-41.) The trial court suspended all fines and costs because it "wanted [Mr. Penty] to focus on the restitution piece of this," waived the probation fee, and noted probation would terminate upon satisfaction of the restitution order. (May 8, 2023 Tr. at 41.)

{¶ 7} Regarding Mr. Penty's inability to pay restitution, the trial court noted that although it was sensitive to this issue, in a non-reporting probation situation, "that only arises if you are failing to pay those restitution obligations." (May 8, 2023 Tr. at 41.) The trial court went on to explain, without objection, that although it could consider inability to pay a fine prior to sentencing, it could not address Mr. Penty's inability to pay restitution until "you're failing to make those restitution payments in a community control [probation] setting."[1] (May 8, 2023 Tr. at 41-42.)

{¶ 8} The trial court memorialized Mr. Penty's conviction and sentence in a judgment entry issued May 8, 2023. Mr. Penty now appeals from that judgment, and asserts the following assignment of error for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION BY
> REFUSING TO ADDRESS [MR. PENTY]'S ABILITY TO PAY
> RESTITUTION.

## II. ANALYSIS

{¶ 9} Mr. Penty's sole assignment of error concerns the propriety of the trial court's imposition of restitution in relation to his ability to pay it. Initially, we note it is undisputed that A.Y. is a victim for purposes of Marsy's Law. *See* Ohio Constitution, Article I, Section 10a(D) (defining "victim"). There is likewise no challenge on appeal to the amount of the restitution ordered or A.Y.'s entitlement to it. Instead, Mr. Penty only takes issue with the trial court's failure to consider his inability to pay restitution when it imposed restitution in the amount of $3,297.30 at sentencing.

{¶ 10} Mr. Penty argues the trial court was obligated to consider his "present and future ability to pay the amount" of restitution under R.C. 2929.19(B)(5). (Appellant's Brief

---

[1] Shortly after this appeal was initiated, a statement of violations for revocation of community control hearing was filed against Mr. Penty in this case based on Mr. Penty's failure to pay restitution to A.Y. (*See* June 23, 2023 Statement of Violation(s).) But, on May 8, 2023, the trial court stayed its order of restitution pending resolution of this appeal.

at 4.)  That provision provides: "[b]efore imposing a financial sanction **_under section 2929.18_** of the Revised Code * * * the court **_shall_** consider the offender's present and future ability to pay the amount of the sanction."  (Emphasis added.)  Restitution is a financial sanction contemplated in R.C. 2929.18.

**{¶ 11}** Mr. Penty's argument is not well-taken, however, because R.C. 2929.18 governs financial sanctions for **_felony_** offenses—not misdemeanors. Because restitution in this case was ordered in connection with Mr. Penty's misdemeanor conviction, R.C. 2929.19(B)(5) has no application here.  Rather, R.C. 2929.28 governs financial sanctions for misdemeanor offenses.

**{¶ 12}** Regarding the imposition of financial sanctions for a misdemeanor offense, R.C. 2929.28(A) provides that, in addition to imposing court costs under R.C. 2947.23, a sentencing court may sentence a defendant convicted of a misdemeanor offense "to any financial sanction or combination of financial sanctions authorized under this section," which includes restitution and fines.  R.C. 2929.28(B) further states:

> If the court determines a hearing [on the imposition of financial sanctions] is necessary, the court **_may_** hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs.

> If the court determines that the offender is indigent and unable to pay the financial sanction or court costs, the court shall consider imposing and **_may_** impose a term of community service under division (A) of section 2929.27 of the Revised Code in lieu of imposing a financial sanction or court costs.

(Emphasis added.)

**{¶ 13}** We read the plain language of R.C. 2929.28(B) and its use of "may" to confer upon a sentencing court the discretion to consider the defendant's ability to pay when ordering misdemeanor restitution.  *See State v. Messer*, 3d Dist. No. 1-23-25, 2023-Ohio-4355, ¶ 18.  "The statutory use of the word 'may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary * * * at least where there is nothing in the language or in the sense or policy of the provision to require an unusual interpretation."  *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 107 (1971).

{¶ 14} This is particularly true here where a contrary interpretation—one that requires the trial court to consider the defendant's ability to pay when imposing restitution—would likely cause R.C. 2929.28(B) to run afoul of the constitutional provision of Marsy's Law giving victims of crime the right "to full and timely restitution from the person who committed the criminal offense or delinquent act against" them.[2] Article I, Section 10a(A)(7), Ohio Constitution. *See, e.g.*, *Cleveland v. Rudolph*, 8th Dist. No. 111128, 2022-Ohio-2363, ¶ 18 (holding that a defendant's present and future ability "to pay the amount of restitution is irrelevant under Marsy's Law"); *Ohio v. Oliver*, 12th Dist. No. CA 2020-07-041, 2021-Ohio-2543, ¶ 64-72 (holding that Marsy's Law superseded statutory provisions that limit restitution based on consideration of the defendant's pecuniary circumstances); *Cleveland v. Fuller*, 8th Dist. No. 111790, 2023-Ohio-1669, ¶ 23; *State v. Thorp*, 8th Dist. No. 112263, 2023-Ohio-3629, ¶ 24-26. Indeed, by its own terms, the Marsy's Law amendment is "self-executing" and "shall supersede all conflicting state laws." Article I, Section 10a(E), Ohio Constitution.

{¶ 15} In arguing his sole assignment of error, Mr. Penty does not consider or address the provision of Marsy's Law that confers upon victims of crime a constitutional right to "full and timely restitution." Nor does he engage with any case law that postdates the effective date of Marsy's Law or the statutory provision applicable to restitution imposed for a misdemeanor conviction, R.C. 2929.28. For these reasons, we find Mr. Penty's arguments—which erroneously rely on R.C. 2929.19(B)(5) (pertaining to financial sanctions imposed for ***felony*** convictions) and fail to address Marsy's Law (providing victims of crime with a constitutional right to ***full*** and timely restitution)—unavailing.

---

[2] And, as this court recently noted in *State v. Scott*, 10th Dist. No. 22AP-475, 2024-Ohio-2274, ¶ 41, fn. 3, "recent changes to Ohio's victim's rights laws confirm a sentencing court can no longer reduce or decline to award restitution * * * based on a defendant's present and future ability to pay the 'full' amount of a victim's economic losses due to the criminal offense." *Id.* "Effective April 6, 2023, H.B. No. 343 updated provisions of the Ohio Revised Code concerning the rights of crime victims to better reflect the changes made to Article I, Section 10a of the Ohio Constitution by the Marsy's Law amendment." *Id.*, citing 2022 Sub.H.B. No. 343, available at https://www.legislature.ohio.gov/legislation/134/hb343 (accessed Nov. 13, 2024). Among other things, H.B. No. 343 addressed a victim's constitutional right to restitution by creating R.C. 2929.281. In relevant part, R.C. 2929.281(A) requires a sentencing court to "order full restitution for any expenses related to a victim's economic loss due to the criminal offense." Further, H.B. 343 amended R.C. 2929.28 to require a sentencing court to "sentence the offender to make restitution pursuant to this section and section 2929.281 of the Revised Code" if the defendant "is being sentenced for a criminal offense as defined in section 2930.01 of the Revised Code." Although we recognize these changes to Ohio's victim's rights laws took effect after Mr. Penty was charged, on the same day he pled guilty, and before he was sentenced, we do not need to determine whether H.B. 343 retroactively applies in order to resolve this case.

Thus, we cannot conclude the trial court erred in imposing the restitution order without regard to Mr. Penty's ability to pay it.

**{¶ 16}** As we have recognized, "the difficulty still lies in a victim's ability to successfully enforce that right—i.e., collect," restitution in full and in a timely manner from an indigent defendant who lacks a present and future ability to pay it. *See State v. Scott*, 10th Dist. No. 22AP-475, 2024-Ohio-2274, ¶ 48, citing *State v. Napper*, 4th Dist. No. 06CA2885, 2006-Ohio-6614, ¶ 16 (observing that, in the absence of other visible means of support, indigent defendant's prison sentence of 51 years to life rendered it highly unlikely he would have a "future ability" to pay restitution). But, "a trial court's role at sentencing regarding the imposition of restitution has no bearing on the issue of enforcement." *Id.* Rather, a trial court's obligation at sentencing, unless stipulated to by the parties, is to determine the amount of restitution owed to the victim. To do this, a court must: (1) determine whether the person or entity seeking restitution qualifies as a "victim" under Marsy's Law, *e.g.*, *Centerville v. Knab*, 162 Ohio St.3d 623, 2020-Ohio-5219; (2) evaluate whether a preponderance of the evidence shows the economic loss alleged, as defined in R.C. 2929.01(L), was suffered as a direct and proximate result of the criminal offense, *see State v. Perez*, 10th Dist. No. 19AP-134, 2019-Ohio-5323, ¶ 10; and (3) order restitution in the amount of the economic loss suffered by a qualified victim as a direct and proximate result of the offense, *e.g.*, *State v. Yerkey*, 171 Ohio St.3d 367, 2022-Ohio-4298.[3]

**{¶ 17}** For these reasons, we overrule Mr. Penty's sole assignment of error.

### III. CONCLUSION

**{¶ 18}** Having overruled Mr. Penty's sole assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

DORRIAN and JAMISON, JJ., concur.

_____

_____

[3] We do have concerns about the propriety of relying on a victim's purely speculative belief that his car insurance premium ***might*** increase if he were to file a claim for damage caused in connection with a criminal offense as evidence supporting the amount of economic loss alleged. But because this is not challenged on appeal, we do not address it.